## ELIZABETH BACHELOR v. STATE.

High Court of Errors and Appeals. August 4, 1823.

*Ridgely's Notebook IV, 253.*

Elizabeth Bachelor was indicted by the grand jury for arson, in the following words:

> The grand inquest for the State of Delaware and the body of New Castle County, on their oath and affirmation respectively do present that Elizabeth Bachelor, late of Christiana Hundred in the county aforesaid, wife of one Caspar Bachelor, late of the same hundred and county, yeoman, on the eighth January, 1822, about the hour of twelve in the night of the same day, with force and arms at Christiana Hundred aforesaid, in the county aforesaid, a certain stable of one John Rumford having hay therein, there situate, unlawfully, maliciously, voluntarily and feloniously did set

fire to; and the same stable having hay therein, then and there by such firing as aforesaid unlawfully, maliciously, voluntarily and feloniously did burn and consume against the form of the statute in such case made and provided and against the peace and dignity of the State.

This indictment was removed by writ of *certiorari* into the Court of Oyer and Terminer and General Gaol Delivery held at New Castle, April, 1822. At November Term, 1822, the defendant was tried and found guilty, and on praying the benefit of clergy it was allowed to her, and she was sentenced to be burned on the left thumb. The sentence was respited on the suggestion of the Attorney General, *James Rogers,* that he should bring a writ of error. This writ was brought accordingly and the following errors were assigned.

First, for that the said Court admitted the prayer of the said Elizabeth to have the benefit of the Act of Assembly entitled "An Act for the advancement of justice and the more certain administration thereof," [1 Del.Laws 64] whereas by the laws of the land the said Court ought to have denied the prayer of the said Elizabeth in that behalf made.

Second, for that the said Court adjudged that the said Elizabeth Bachelor should be forthwith burned in the hand with a T upon the brawn of her left thumb, and that she should be confined in the public jail of New Castle County, and there kept for the space of one year, whereas the said Court, according to the laws of the land, ought to have adjudged that the said Elizabeth Bachelor should be hanged by the neck until she should be dead.

*Mr. Brinckle* for the prisoner moved to quash the writ of error for the following reasons: First, because this Court has no jurisdiction. Second, because an allowance of clergy is not a judgment and no writ of error will lie thereon. Third, because the State cannot sue out a writ of error in any capital case. . . .

[*Rogers,* Attorney General, for the State.]

THE CHANCELLOR said, after the conclusion of the argument on the motion to quash the writ of error, that the Court had doubts whether the State could sue out a writ of error; but that as to the second question no doubt was entertained. That the Court of Oyer and Terminer had rendered a judgment, and therefore the second reason assigned for quashing the writ could not prevail. In *Biggins' Case,* 5 Co. 50, no judgment had been rendered. It is true that in that case and Hob. 294 it is said that burning in the hand is no part of the judgment; neither was it

there, for it appears by Cro.Eliz. 632, 689 that that case was compromised. A pardon had been granted before the defendant was put to pray his clergy. The question was whether the pardon in the case of appeal discharged the burning. Two of the judges held that it did, and two others that it did not; but no judgment or decision was made, and the defendant paid the plaintiff forty marks, who thereupon discontinued the appeal. Sir Thomas Raymond says that case was compounded and that burning is part of the judgment, for the entry is, *"Ideo consideratum est, quod le offender cauterizetur in manu sua leva."* He cites Rast.Ent. 1, 6 and 56a, Raym.T. 369. In 3 P.Wms. 439, 488, *Rex v. Burridge,* Lord Hardwicke speaks of the judgment *quod cauterizetur;* and in the case Moo. 571 is cited, where it is said *Biggins' Case* was compounded. 1 Str. 529, 530, *Sir George Ludlam, Chamberlain of London, v. Lopez,* Eyre Justice questions whether *Biggins' Case* be law, for the burning the hand is part of the judgment.

In *Long's Case,* Cro.Eliz. 489, no judgment was really rendered, and therefore a writ of error would not lie. And Hawkins, referring to *Long's Case,* says that conviction of felony whereon the party has had his clergy may be discharged by exception to the indictment, because no writ of error lies of such a conviction, not being a judgment. 2 Hawk.P.C. Book 2nd, 459, s. 1, and that is certainly in accordance with all the cases in which no judgment had been rendered. And 4 Bl.Comm. 330 says that judgment may be suspended by the benefit of clergy or other causes. And in all cases where a judgment has not been actually given, a writ of error will not lie. But a judgment may be given, and wherever it is, a writ of error will lie. Lord Hardwicke, Eyre Justice, and Sir Thomas Raymond mention the words of such a judgment. And in 2 Hale P.C. 395, Lord Hale says, "The judgment in case of allowance of clergy is thus,"—and then states the judgments in words similar to those used in the judgment against Elizabeth Bachelor. Here a judgment has been actually rendered, and the writ of error will well lie.

The Court said that the counsel might proceed in the argument of the errors assigned, and if they should be of opinion that the judgment was right, they would recommend to the Attorney General to withdraw the writ of error. . . .